UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **KEVIN RAY HOWARD** | **CIVIL ACTION NO. 10-787-LC** |
| **VS.** | |
| | **SECTION "P"** |
| **TONY MANCUSO, ET AL** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

On May 14, 2010, *pro se* plaintiff Kevin Ray Howard, proceeding *in forma pauperis*, filed the instant civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. Plaintiff is an inmate in the custody of the Federal Bureau of Prisons (BOP); however, he is incarcerated at Calcasieu Correctional Center (CCC), Lake Charles, Louisiana. He complains of conditions of confinement at that institution. *Id.* As defendants, plaintiff names Calcasieu Parish Sheriff Tony Mancuso, CCC records supervisor Charles Lavergne, Calcasieu Sheriff's Prison (CSP) Warden Greg Tete, and CCC/CSP Chief of Corrections Sal Salvador. *Id.* As relief, plaintiff seeks transfer to a federal correctional facility. Doc. 8. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

In his complaint, plaintiff alleged several conditions of confinement claims. Doc. 1. Specifically, he complained that there was not any heat in his pod and that he was not given extra blankets or protective clothing to protect him from the cold. *Id.* He also complained that the pod was dirty and that there was mold and mildew in the shower. *Id.* Plaintiff also claimed that a

prison guard threatened him with physical violence. *Id.*

## LAW AND ANALYSIS

**Frivolity Review**

Plaintiff has been granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Pursuant to 28 U.S.C. § 1915(e)(2)(B), a district court is directed to dismiss an action if the court determines that the action is frivolous or malicious or fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(I) & (ii); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v Wyatt,* 157 F.3d 1016, 1019 (5th Cir. 1998) (citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Independent School District*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to states a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1996) (frivolity); *Bradley,* 157 F.3d at 1025 (failure to state a claim).

**42 U.S.C. § 1983**

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus, an initial inquiry in a lawsuit filed under § 1983 is whether plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim under § 1983. In order to hold the defendants liable under 42 U.S.C. § 1983, the plaintiff must allege facts to show (1) that a

constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of state law – that is, that the defendant was a state actor. *See Hessbrook v. Lennon*, 777 F.2d. 999, 1005 (5th Cir. 1985).

The court is convinced that plaintiff has presented the best case which could be presented by him under the circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of plaintiff's allegations as true, and giving plaintiff the benefit of every doubt, the court concludes, for the reasons stated hereinafter, that he has failed to state a claim for relief, that his claims are frivolous as a matter of law, and that his complaint should therefore be dismissed with prejudice.

**Eighth Amendment Claims**

In order to establish an Eighth Amendment violation, an inmate must establish both a subjective and objective component. The objective requirement necessitates that the inmate allege a sufficiently serious deprivation. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "Only those deprivations denying 'the minimal civilized measure of life's necessities are sufficiently grave' to constitute cruel and unusual punishment." *Id*. (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). While no precise definition determines what type of deprivations are construed as ones which deny an inmate the "minimal civilized measures of life necessities," the United States Supreme Court has held that such things as food, warmth, exercise and safety fall in into this category, as well as adequate medical care and protection from physical abuse by other inmates. *See id.* at 303 (food, warmth, exercise, and safety); *Estelle v. Gamble*, 429 U.S. 97, 97 (1976) (medical care); *Farmer v. Brennan*, 511 U.S. 825, 831-32 (1994) (physical abuse).

The subjective component requires that a prison official act with a sufficiently culpable state of mind. *Farmer*, 511 U.S. at 831. A prison official's culpability is measured by deliberate

indifference which is defined as "knowing and disregarding an excessive risk to inmate health or safety." *Pierre v. LCS Corrections Services, Inc.*, No. 10-0024, 2010 WL 5559754, *4 (W.D. La. Oct. 20, 2010) (citing *Farmer*, 511 U.S. at 831). Deliberate indifference is established by showing that the defendant officials were "aware of facts from which an inference of excessive risk to the prisoner's health and safety could be drawn and that they actually drew an inference that such harm existed." *Herman v. Holiday*, 238 F.3d 660 (W.D. La. 2001) (*quoting, Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind; thus, the test is "subjective recklessness" as used in the criminal law. *Norton v. Dimazana*, 122 F.2d 286, 292 (5th Cir. 1997). Accordingly, negligence and even gross negligence does not implicate the Constitution and does not provide a basis for a § 1983 claim. *Farmer*, 511 U.S. at 835 ("[D]eliberate indifference entails something more than mere negligence . . . . ").

In the present case, plaintiff complains that his prison dorm does not have heat and that he was not given extra blankets or protective clothing to protect him from the cold. He also complains that the pod is dirty and that there is mold and mildew in the shower. Plaintiff's complaints in this regard simply fail to set forth a cause of action. As previously stated, in order to establish an Eighth Amendment violation of this sort, an inmate must allege a sufficiently serious deprivation and only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to constitute cruel and unusual punishment. An inmate must also establish that a prison official acted with a sufficiently culpable state of mind measured by deliberate indifference which is defined as knowing and disregarding an excessive risk to inmate health or safety. Deliberate indifference encompasses only the unnecessary and wanton infliction of pain repugnant to the conscience of mankind.

Plaintiff's complaints make it clear that he was not denied anything close to a minimal measure of life's necessities.  Other than being cold and finding the living conditions unsanitary, plaintiff has not alleged any specific physical harm or adverse physical effects.  His allegations do not rise to the level of an Eighth Amendment violation and these claims should be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

**Verbal Abuse**

Plaintiff also complains that a prison guard threatened him with physical violence.  To the extent that plaintiff claims that this represents abuse or harassment, such fails to raise a federal constitutional claim.

A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated.  The Fifth Circuit has held that verbal abuse/harassment or name-calling by a prison guard does not amount to an Eighth Amendment violation.  *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997) (citing *Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993)).  The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations."  *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir. 1995); *see also Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir. 1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

**Transfer Request**

Additionally, the court notes that plaintiff requests a transfer from CCC.  The request was docketed as a motion.  *See* doc. 8.  This request has no merit as plaintiff does not have a protected liberty interest in where he is placed.[1]  Thus, plaintiff's request/motion to transfer should be

---

[1] *See Meachum v. Fano*, 427 U.S. 215, 225 (1976) (in the absence of an appropriate state regulation a prisoner has no liberty interest in residence in one prison or another).

5

denied.

Therefore, **IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B).

**IT IS ALSO RECOMMENDED** that plaintiff's request/motion to transfer [doc. 8] should be denied.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed. R. Civ. Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association,* **79 F.3d 1415 (5th Cir. 1996).**

THUS DONE AND SIGNED in Chambers this 22nd day of February, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE